IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Krysak, *et al.*,                    :

                 Plaintiffs          :          Civil Action 2:13-cv-00332

    v.                                          :          Judge Watson

Pyramide Transportation, Inc., *et al.*,     :          Magistrate Judge Abel

               Defendants          :


## ORDER

This matter is before the Magistrate Judge on defendants Pyramide Transport-ation, Inc. and Ernesto Santos-Santander's December 16, 2013 motion to join New Prime, Inc. ("New Prime") as a necessary party-plaintiff under Rule 19, Fed. R. Civ. P. (Doc. 27).

Arguments of the Parties. Plaintiffs Krysak and Lindquist filed this personal injuries action arising out of a June 1, 2011 accident between two tractor-trailers. At the time of the accident, Krysak and Lindquist were in the course and scope of their employment with New Prime, Inc.,  a Missouri corporation. Defendants maintains that New Prime has and will continue to pay worker's compensation benefits to Krysak and Lindquist, and, as a result, New Prime has a subrogated interest in any verdict they might obtain and is subject to joinder under Rule 19 as a necessary party.

Defendants maintain that New Prime is a real party in interest for recoupment of the subrogated amount from the tort-feasor. Defendants argue that if New Prime's

joinder is not compelled, defendants may be forced to defend the same lawsuit in two different courts based upon the same operative facts. Defending two lawsuits will necessarily expend double resources and place defendants at substantial risk of incurring inconsistent obligations. Defendants further argue that based on the facts of this case, there are serious liability issues with respect to plaintiffs and their employer.

Plaintiffs maintain that courts look to state law for guidance when determining whether the party's interest in the litigation makes it a necessary party under Rule 19. Even though the collision occurred in Ohio and the suit is pending in Ohio, the Court must look to Missouri substantive law for guidance as to whether New Prime is a necessary party because Krysak is receiving worker's compensation under the Missouri Worker's Compensation Act.

Plaintiffs argue that New Prime does not qualify as a necessary party that must be joined in this action. Plaintiffs distinguish this case form *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366 (1949). In *Aetna*, the initial suit was brought be the insurer, not the insured. The concern in *Aetna* regarding the possibility of multiple suits is not present when the insured files a suit because the employer's entire interests are protected because the insured will recover for his total loss. Courts have refused to hold that insurers are necessary parties under Rule 19(a) because complete relief can be granted in the insurer's absence and an insurer's interest will be protected by impressing any recovery with a trust for its benefit.

2

Plaintiffs argue that the Missouri Worker's Compensation Act grants the employer a subrogation interest in an employee's recovery from a third-party for the employee's injury in an amount equal to the benefits paid or payable to the employee. The employer's subrogation interest is protected by the creation of an express trust in the amount due back to the employer as a matter of law when an employee initiates a third-party action. Plaintiffs contend that complete relief can be granted in the absence of New Prime because Krysak has initiated a suit for his total loss and a trust was created as a matter of law to protect New Prime's subrogation interest.

In its reply in support of its motion for joinder, defendant maintains that joinder under Rule 19 is required, or, in the alternative, joinder of New Prime is permitted pursuant to Rule 20. Defendant argues that the cases relied upon by plaintiff do not stand for the proposition that a third-party cannot join the employer in an action against the third-party. In *O'Hanlon Reports, Inc. v. Needles*, 360 S.W. 2d 382 (1962) the Missouri Court of Appeals recognized the right of the subrogated employer to inter-vene in the employee-plaintiff's action against a third-party for injuries sustained by the employee-plaintiff thereby recognizing the potentially divergent interests of the employee-plaintiff and the employer.

Defendant further argues that New Prime must be joined as a party because plaintiffs may be holding an "express trust" for a subrogated interest for which New Prime does not seek recovery.

<u>Discussion</u>. Rule 19(a)(1) of the Federal Rules of Civil Procedure states:

3

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In *Kinney v. Schneider National Carriers, Inc.*, 200 S.W. 3d 607, the Missouri court considered whether an employer should be permitted to intervene as a matter of right under the Missouri rules of civil procedure. The court examined the Missouri worker's compensation statute and determined that the employer was not permitted to intervene as a matter or right because the employer's interest was adequately represented by the existing parties. Kinney sought recovery of all damages caused by the tortfeasors, and the employer would not recoup any of the money it paid in worker's compensation benefits unless Kinney succeeded in obtaining a recovery against the defendants. The statute provides that an employee who sues and recovers damages from a third-party tortfeasor holds the amount due to the employer in trust so as to ensure that the employer's right of subrogation under the worker's compensation law is protected.

4

Here, defendants have not demonstrated that they are subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. New Prime's subrogation interest was protected by the creation of an express trust in the amount due back to the employer when Krysak initiated this lawsuit. *See O'Hanlon Reports, Inc. v. Needles*, 360 S.W. 2d 382 (1962).

<u>Conclusion</u>. Defendants Pyramide Transportation, Inc. and Ernesto Santos-Santander's December 16, 2013 motion to join New Prime, Inc. as a necessary party-plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure (doc. 27) is DENIED without prejudice. Of course, should New Prime, Inc. believe it needs to take further action to assure that its interests in this litigation are protected, it may do so.

It does not appear that defendants served their motion for joinder on New Prime, Inc. The Clerk of Court is DIRECTED to mail a copy of this Order to New Prime, Inc. 2740 N. Mayfair Avenue, Springfield, Missouri 65803-5084.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel_____
United States Magistrate Judge
